## LUMAN F. BROOKS *v.* ALONZO THACHER.*

### *Principal and Surety.*

In assumpsit on promissory notes signed by R. and indorsed by defendant, question was whether defendant was principal or surety. It appeared that the notes were given for oxen purchased of plaintiff by R., and that the notes were signed by R. and delivered to plaintiff on the day of the purchase, and after the oxen were weighed and delivered. The evidence on the part of plaintiff tended to prove that it was understood between R. and plaintiff at the time of the purchase that R. should procure defendant to sign the notes before plaintiff should accept them in payment; that they accordingly afterward met defendant, who, after some parley and hesitation, indorsed the notes; that R. then drove the oxen away; that plaintiff told defendant he should look to him for payment; and that he in fact did rely mainly on him. *Held*, that if the facts were such as the evidence tended to prove, defendant was surety.

ASSUMPSIT on two promissory notes. Plea, that defendant was surety therein, and that the plaintiff had executed a discharge to the principals. Replication that defendant was principal and not surety. Trial by jury, May Term, 1878, BARRETT, J., presiding.

The plaintiff introduced evidence tending to show the circumstances under which the defendant indorsed the notes, which is sufficiently stated in the opinion of the court. The defendant also introduced evidence in regard thereto, but as it is rendered immaterial by the manner in which the case is disposed of, it is not stated.

The evidence being all in, the defendant requested the court to charge that if Richardson, who bought the oxen for which the notes were given, bought them for the firm of which he was a member, and the defendant had no interest in the firm or in the purchase, and did not hold himself out as being interested in the purchase, and the plaintiff made the sale to Richardson, knowing them to be purchased for the firm's benefit, the defendant was surety. The court refused so to charge, but left it to the jury to say, on all the evidence, whether he signed as surety

---

* Heard at the February Term, 1879.

or not; saying that if it was understood between the parties that he signed as surety, then he did. so sign, otherwise, as principal. To the refusal to charge as requested, and to that part of the charge here stated, the defendant excepted.

*W. C. French*, for the defendant, contended that the refusal to charge as requested and the charge given were erroneous, and cited *Brooks* v. *Thacher*, 49 Vt. 492.

*S. E. Pingree*, for the plaintiff, contended that the evidence introduced on the part of the plaintiff tended to prove that the defendant intended to assume an unconditional obligation, and that the charge fairly presented the question at issue.

The opinion of the court was delivered by

REDFIELD, J. This action counts upon two promissory notes payable to the plaintiff, or bearer, signed by W. K. & G. A. Richardson, and indorsed by the defendant. By the pleadings the issue is joined whether the defendant indorsed the notes as principal, or as surety for the Richardsons. The notes, on their faces, import that the defendant was a joint promisor with the Richardsons, and jointly liable with them to the plaintiff as principal. But the real relation of the parties to a written instrument, whether as principals or sureties, may always be shown by parol evidence.

The exceptions state that " it appeared in evidence that, on the day of the date of the notes the plaintiff sold the Richardsons two yoke of oxen for which said notes were given "; that the sale was made at the plaintiff's premises in Sharon, the cattle driven to West Hartford, weighed, and these notes executed on the part of the Richardsons, and delivered to the plaintiff; and that the Richardsons put the cattle into their drove. The plaintiff's testimony tended to prove that it was expressly understood, at the time of the sale and the execution of the notes, between the plaintiff and the Richardsons, that they should procure the defendant to sign said notes before he would accept them in payment for the oxen; that accordingly after the oxen were weighed they

went to Quechee, where they met the defendant, and after some parley and hesitation, all the parties being present, the defendant wrote his name upon the back of said notes, and the Richardsons drove away the oxen to Manchester, N. H.

The evidence of the plaintiff further tended to show that plaintiff told the defendant that he " should look to him for the pay, when the notes became due ", and that, in fact, he did rely mainly upon the defendant's name.

Conceding all the facts established which the plaintiff's testimony tended to prove, what was the relation between the defendant and the Richardsons ? The oxen were sold to the Richardsons, weight and the price computed ; the note of the Richardsons executed and delivered to the plaintiff for the price, and the oxen delivered to the Richardsons, subject only to the condition that they should procure the defendant's name to the paper. The oxen were sold to the Richardsons ; the entire title vested in them. The debt or duty to pay the price of the purchase was upon them. The defendant had no knowledge of the purchase, no interest in it. He lent his name to the Richardsons to strengthen their paper. He did, indeed, bind himself jointly and severally with the Richardsons to pay their debt; and the duty he assumed to the plaintiff was absolute, and without condition. The plaintiff could have collected the whole debt of the defendant when it became due, and in doing that, he was but exercising a right and enforcing a duty under the contract. But the plaintiff knew from the beginning that this was the proper debt of the Richardsons ; that the notes were given for the purchase-money of property he sold them ; that if the defendant was compelled to pay the notes, he had full legal recourse to the Richardsons, to reimburse himself for the whole money paid. The plaintiff, then, knew that the actual relation of the defendant to the Richardsons was that of surety for them. And while the plaintiff had the full right to enforce these notes against this defendant alone at all times, after due, and to any extent, until they were paid, he could not abridge or endanger his right of recourse to his principal, by engrafting upon the notes a new contract, extending the time of payment ; and if he voluntarily discharge the debtor, whose primary and

ultimate duty (and he knows it) it was to pay the notes, he discharges the debt. If all the facts which the plaintiff's evidence tended to prove, were true, the defendant was surety for the Richardsons, and that known to the plaintiff when the defendant signed the papers. The defendant's testimony did not change the plaintiff's case in any essential particular; and the material facts being not in issue, it became the duty of the court, as a matter of law, to apply the law to the conceded facts. And when it was conceded that the notes were given for the price of the oxen sold the Richardsons by the plaintiff, in which the defendant had no interest, and that he lent his name to the paper for the accommodation of the Richardsons, the defendant by implication of law, was the surety for the Richardsons. And in refusing the defendant's request, and submitting the case to the jury, there was error.

*Judgment reversed, and cause remanded.*